UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| WILLIAM C. ANDREWS, | \* | CIV 21-5044 |
| | \* | CR 18-50045 |
| Movant, | \* | |
| | \* | |
| -vs- | \* | ORDER |
| | \* | |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On July 23, 2021, William Andrews filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Andrews alleges that he received ineffective assistance of counsel during his 2018 trial where he was found guilty of possession of a firearm by a prohibited person.

The Eighth Circuit affirmed Andrews's conviction and judgment on July 3, 2019, and the Eighth Circuit's Mandate was issued on September 3, 2019. (Docs. 97 and 101 in CR 18-50045.)

Section 2255 motions are subject to a one-year statute of limitations, running from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Andrews filed this motion to vacate more than one year from the time his conviction became final. In his motion, Andrews explains that he was unable to timely file the motion because he "was in transport from 6-1-2020 to 2-1-2021 and did not have access to any legal paper work." (Doc. 1, p. 4.) In addition, due to the COVID-19 pandemic and "nation wide shut downs," he was not able to access the law library or contact his lawyer. (*Id.*)

AEDPA's one-year statute of limitations is subject to equitable tolling but only in exceptional circumstances. The Eighth Circuit has held that equitable tolling is appropriate "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), quoting *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).

The government will be directed to address whether the statute of limitations is subject to equitable tolling in Andrews's case. Accordingly,

**IT IS ORDERED**:

(1) That, within twenty days after service of this Order, the government shall file a pleading addressing the issue of equitable tolling of the one-year statute of limitations in this case.

(2) That Movant, William Andrews, may submit a reply to the government's pleading within twenty days after receipt.

Dated this 5th day of August, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK